IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DENISE HOLMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:24-CV-0212-G |
| FIESTA MART, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the plaintiff Denise Holman ("Holman") to remand this case to the state court from which it was removed. For the reasons set forth below, the motion is granted.

### I.  BACKGROUND

On July 19, 2021, Holman filed suit against the defendant Fiesta Mart, LLC ("Fiesta Mart") in the 160th Judicial District Court of Dallas County, Texas ("*Holman I*"), alleging that she suffered injuries at a store operated by Fiesta Mart. *See generally* Plaintiff's Original Petition, *attached to* Notice of Removal ("Notice, 3:21-CV-1970-G") (3:21-CV-1970-G, docket entry 1). On August 23, 2021, Fiesta Mart timely removed the case to this court on the basis of diversity of citizenship. *See generally* Notice,

3:21-CV-1970-G. On September 15, 2021, the court dismissed the case for Holman's failure to file a certificate of interested persons. *See* Electronic Order (3:21-CV-1970-G, docket entry 11).

On January 6, 2022, Holman refiled suit in the 134th Judicial District Court of Dallas County, Texas, against Fiesta Mart for the same incident. *See generally* Plaintiff's Original Petition, *attached to* Notice of Removal ("Notice") (docket entry 1).[1] Holman sought "monetary relief of no more than $75,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys' fees and judgment for all other relief to which Plaintiff is justly entitled." *Id*. ¶ 3.

By letter dated November 30, 2023, Holman offered to settle the case "for the payment of $300,000.00 or policy limits, whichever is less." Letter dated November 30, 2023, *attached to* Plaintiff's Motion to Remand ("Motion") (docket entry 9) as Exhibit II; see also *id*. at 1, 3 ("This unconditional offer of settlement is open until 5:00 P.M. on December 15, 2023. . . . . **If the demand is not accepted, Plaintiff will not entertain any offer within policy limits.**") (emphasis in the original). In response, by letter dated December 15, 2023, Fiesta Mart declined Holman's offer. *See generally* Letter dated December 15, 2023, *attached to* Defendant's Response to Plaintiff's Motion to Remand ("Response") (docket entry 10); see also *id.* at 2 ("Given that there

---

[1]  On September 15, 2023, the case was transferred to the 160th Judicial District Court of Dallas County, Texas, as related to *Holman I*. *See* Order Regarding Transfer, *attached to* Notice.

is no evidence of liability on Fiesta from Ms. Holman's alleged fall, no prudent insurer would pay the amount Ms. Holman seeks."). Despite Holman's settlement offer of November 30, 2023, Fiesta Mart contends that "[o]n January 24, 2024, the parties mediated. At mediation, Plaintiff's demand was $350,000. *This is the first time any demand was made indicating that Plaintiff's sought damages above $75,000.*" Notice ¶ 6 (emphasis added).

On January 26, 2024, Fiesta Mart removed the case to this division based upon diversity-of-citizenship jurisdiction. *See id*. ¶ 8. Fiesta Mart asserted that removal was timely because Holman "acted in bad faith by intentionally engaging in conduct" to prevent Fiesta Mart from removing the case to federal court. *See id*. ¶ 7. On January 29, 2024, Senior United States District Judge Sidney A. Fitzwater transferred the case to the undersigned. *See* Defendant Fiesta Mart, LLC's Notice of Related Case (docket entry 3); Order (docket entry 6).

Holman moves to remand this case to the state court from which it was removed and avers that "[i]f Defendant really thought Plaintiff was acting in bad faith, they wouldn't have waited until mediation took place, after Plaintiff mediated at $75,000.00, and would have removed the matter once they received the demand asking for more than $75,000.00 on November 30, 2023." Motion at 6. Fiesta Mart opposes the motion. On April 17, 2024, the court held a hearing on Holman's motion to remand ("April 2024 hearing"). *See* Electronic Minute Entry (docket entry 16).

## II.  ANALYSIS

### A.  Legal Standard

Title 28 U.S.C. § 1441(a) permits the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[.]"  However, the removal statute must be "strictly construed, with doubts 'resolved in favor of remand.'"  *Pace v. Cirrus Design Corporation*, 93 F.4th 879, 888-89 (5th Cir. 2024) (quoting *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008)).  The party seeking removal bears the burden of establishing federal jurisdiction.  *Willy v. Coastal Corporation*, 855 F.2d 1160, 1164 (5th Cir. 1988).

Title 28 U.S.C. § 1446(b) governs the procedure for removing civil cases.  The statute provides, in pertinent part, as follows:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> * * *
>
> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

*Id*. § 1446(b)(1), (3).  Removal under 28 U.S.C. § 1446(b)(3) is further limited by the one-year limit on removing diversity cases – *i.e.*, this limit only applies to cases that were not initially removable when filed.  Specifically, pursuant to 28 U.S.C. § 1446(c)(1), "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." *Id*.; see also *id*. § 1446(c)(3)(B) ("If the notice of removal is filed more than 1 year after commencement of the action and the district court finds that the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal, that finding shall be deemed bad faith under paragraph (1).").

### B. Fiesta Mart's Removal is Untimely

Fiesta Mart admits that "in November of 2023 [Holman] demanded $300,000, well in excess of the $75,000 jurisdictional limit. . . . *The demand letter is an 'other paper'* and Plaintiff followed this letter by demanding $350,000 at mediation on January 24, 2024."  Response at 1-2 (emphasis added).  "[A] demand letter is considered to give a defendant notice of federal jurisdiction under the second paragraph of § 1446(b) when the demand letter was sent **after** suit was filed." *Filbin v. Humana Insurance Company*, No. 4:10-CV-0913-Y, 2011 WL 13233465, at *2 (N.D. Tex. Jan. 18, 2011) (Means, J.) (emphasis in the original); see also *Addo v. Globe Life and Accident Insurance Company*,

- 5 -

230 F.3d 759, 762 (5th Cir. 2000) ("Holding that a post-complaint letter . . . may be 'other paper' under § 1446(b) is consistent with the purpose of the removal statute to encourage prompt resort to federal court when a defendant first learns that the plaintiff's demand exceeds the federal jurisdictional limit."). The "other paper" requires a voluntary act by the plaintiff. *Addo*, 230 F.3d at 762. Thus, pursuant to the deadline provided in 28 U.S.C. § 1446(b)(3), Fiesta Mart's removal is untimely, as outside the thirty days of the receipt of an "other paper" that established a removable amount in controversy. Moreover, Holman insists that the amount in controversy in this case falls below the $75,000 threshold for diversity jurisdiction.[2] See, *e.g.*, Motion.

Even assuming *arguendo* that Holman's demand letter is not considered the first showing of removability, Fiesta Mart is not entitled to an exception to the one-year rule under 28 U.S.C. § 1446(c)(1). To invoke the bad faith exception, Fiesta Mart, as the removing party, must show that Holman "deliberately failed to disclose the actual amount in controversy to prevent removal[.]" 28 U.S.C. § 1446(c)(3)(B). That is, "a determination of bad faith is subject to a high burden, and courts are reluctant to find a party acted in bad faith without 'clear and convincing proof.'" *Boney v. Lowe's Home Centers LLC*, No. 3:19-CV-1211-S, 2019 WL 5579206, at *2 (N.D. Tex. Oct. 29, 2019) (Scholer, J.) (citations omitted); see also *Hoyt v. Lane Construction Corporation*, 927 F.3d 287, 294 (5th Cir. 2019, as revised Aug. 23, 2019). Fiesta Mart has failed to

---

[2]  At the April 2024 hearing, counsel for Fiesta Mart stated that she would refuse a stipulation by Holman to damages of less than $75,000.

meet its high burden of showing that Holman acted in bad faith to prevent removal of this case and further inquiry of Fiesta Mart's counsel at the April 2024 hearing revealed none. Thus, the bad faith exception to the one-year removal deadline does not apply, and the court finds that Fiesta Mart untimely removed the case under 28 U.S.C. § 1446(c)(1).

## III.  CONCLUSION

For the reasons stated above, Holman's motion to remand this case to the state court from which it was removed is **GRANTED**. This case is hereby **REMANDED** to the **160th Judicial District Court of Dallas County, Texas**. The Clerk of Court shall mail a certified copy of this order to the district clerk of Dallas County, Texas. 28 U.S.C. § 1447(c).

**SO ORDERED**.

May 3, 2024.

*A. Joe Fish*

**A. JOE FISH**
**Senior United States District Judge**